UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| **JANE DOE** | * | **CIVIL ACTION NO. 09-1565** |
| **VERSUS** | * | **JUDGE HAIK** |
| **VERMILION PARISH SCHOOL BOARD** | * | **MAGISTRATE JUDGE HILL** |

<u>**REPORT AND RECOMMENDATION**</u>
<u>**ON MOTION TO DISMISS**</u>

Pending before the undersigned for report and recommendation is the Motion for Partial Dismissal of Plaintiff's Claims filed by defendants, Vermilion Parish School Board, Randy Schexnayder, and David Dupuis, principal of Rene A. Rost Middle School (the "School Board"), on January 20, 2010 [rec. doc. 64]  Plaintiffs, Jane Doe, as next friend to minor daughters, Joan Doe and Jill Doe ("Doe"), have filed opposition. [rec. doc. 74].  Oral argument was held on the motion in open court on January 29, 2010.  For the following reasons, it is recommended that the motion be **DENIED**.

<u>**Background**</u>

Doe filed a civil rights action under 42 U.S.C. § 1983 on September 8, 2009, alleging that defendants unlawfully segregated students by sex at Rene A. Rost Middle School in Kaplan, Louisiana, in violation of the Equal Protection Clause of the Fourteenth Amendment, Title IX of the Education Amendments of 1972, the Equal Educational Opportunities Act of 1974, the Department of Education Title IX regulations, the United

States Department of Health and Human Services Title IX regulations, and the United States Department of Agriculture Title IX regulations. [rec. doc. 1, ¶ 1]. Doe prays for injunctive and declaratory relief, as well as monetary damages and attorney's fees. [rec. doc. 1, p. 19). A preliminary injunction hearing is set for February 8, 2010. [rec. doc. 43]. On January 20, 2010, the School Board filed the instant motion to dismiss on the grounds that plaintiffs' prayer for monetary relief, her claims of illegal experimentation under the Louisiana state abortion law, and her claims regarding alleged violations of the regulations of 24 federal agencies, besides those of the Department of Education, should be dismissed for failure to state a cause of action. [rec. doc. 64].

## Law and Analysis

### *Standard for Motion to Dismiss*

In deciding a Rule 12(b)(6) motion to dismiss, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Guidry v. American Public Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) (*citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), *petition for cert. filed*, (U.S. Nov. 26, 2007) (No. 07-713)). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (citation and footnote omitted).

In resolving a Rule 12(b) motion, the court is generally limited to considering only those allegations appearing on the face of the complaint. *Cyrio v. Hunt*, 2007 WL 2772222 at * 4 (E.D. La. Sept. 19, 2007). However, matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may be taken into account. *Id.* (*citing Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3rd Cir.1990)). "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir.2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir.2000)).

### *Monetary Damages*

The School Board argues that during the deposition of plaintiff, Jane Doe, she testified that she was not seeking any money damages from the school system. Based on this testimony, the School Board asserts that plaintiffs' claim for monetary damages be dismissed.

However, this deposition testimony is not in the record, and relief on this basis must be brought by motion for summary judgment rather than by motion to dismiss. Additionally, the Supreme Court has clearly established that a money damages remedy is available in an action to enforce Title IX. *Franklin v. Gwinnett County Public Schools*, 503 U.S. 60, 76, 112 S.C.t 1028, 1038, 117 L.Ed.2d 208 (1992); *Doe ex rel. Doe v.*

*Dallas Independent School Dist.*, 220 F.3d 380, 383 (5th Cir. 2000).

In any event, the undersigned finds that this motion is premature, as the issue of monetary damages will not be before the Court at the preliminary injunction hearing. There will be sufficient time to bring this issue back to the court for resolution before trial on the merits. Therefore, the request for dismissal of the prayer for monetary damages is **DENIED**.

### *Experimentation*

In paragraph 57 of the Complaint, Doe alleges that "Louisiana law prohibits experimentation upon human beings without their consent, and renders such conduct criminal," citing LA. REV. STAT. ANN. § 14:87.2. This statute provides as follows:

> Human experimentation is the use of any live born human being, without consent of that live born human being, as hereinafter defined, for any scientific or laboratory research or any other kind of experimentation or study except to protect or preserve the life and health of said live born human being, or the conduct, on a human embryo or fetus in utero, of any experimentation or study except to preserve the life or to improve the health of said human embryo or fetus.
>
> A human being is live born, or there is a live birth, whenever there is the complete expulsion or extraction from its mother of a human embryo or fetus, irrespective of the duration of pregnancy, which after such separation, breathes or shows any other evidence of life such as beating of the heart, pulsation of the umbilical cord, or movement of voluntary muscles, whether or not the umbilical cord has been cut or the placenta is attached.
>
> Whoever commits the crime of human experimentation shall be imprisoned at hard labor for not less than five nor more than twenty years, or fined not more than ten thousand dollars, or both.

The Legislative intent of this statute is that the district attorneys in the state of Louisiana enforce the criminal statutes pertaining to *abortion*. (emphasis added). LA. REV. STAT. ANN. T. 14, Ch. 1, Pt. V, Subpt. A., Refs & Annos., Historical and Statutory Notes, 2004 Main Volume. That clearly is not at issue in this case.

In their opposition, and in open court, plaintiffs clearly stated that they are not bringing a cause of action under this statute. [rec. doc. 74, p. 10]. Because this claim has not been pled, and no such cause of action is being asserted, the Court has nothing upon which to rule.

### *Federal Agency Regulations*

The School Board seeks dismissal of plaintiffs' claims regarding the regulations of 24 federal agencies mentioned in the petition, which include the U.S. Department of Homeland Security, the U.S. Nuclear Regulatory Commission, the U.S. Department of Energy, the U.S. Small Business Administration, the National Aeronautics and Space Administration, the U.S. Department of Commerce, the Tennessee Valley Authority, the U.S. State Department, the U.S. Agency for International Development, the U.S. Department of Housing and Urban Development, the U.S. Department of Justice, the U.S. Department of Labor, the U.S. Department of the Treasury, the U.S. Department of Defense, the National Archives, the U.S. Department of Veterans Affairs, the U.S. Environmental Protection Agency, the U.S. Department of Interior, the Federal Emergency Management Agency, the National Science Foundation, the Corporation for

National and Community Service, the U.S. Department of Transportation, and the U.S. Department of Agriculture. [rec. doc. 1, ¶ 31].

However, Doe specifically differentiates the regulations promulgated by these agencies regarding sex-segregated classes, stating that, "[t]he U.S. Department of Agriculture interprets Title IX differently from the U.S. Department of Education regarding sex-segregated classes," and "[o]ther federal agencies also interpret Title IX differently from the U.S. Department of Education regarding sex-segregated classes." [rec. doc. 1, ¶¶ 30, 31].  In their opposition brief and at the hearing, plaintiffs indicated that they are filing claims based on the regulations of only three of those agencies, to wit, the U.S. Department of Health and Human Services, the U.S. Department of Agriculture, and the U.S. Department of Homeland Security.

In their brief, defendants argued that Title IX prohibits discrimination only in particular programs or activities which receive federal financial assistance, *citing Grove City College v. Bell*, 465 U.S. 555, 104 S.Ct. 1211, 79 L.Ed.2d. 516 (1984).  At the time that *Grove City* was decided, the word "program" had not been defined by Congress.  In response, plaintiffs assert that *Grove City* and the other cases cited by defendants have been legislatively overruled by Congress in the Civil Rights Restoration Act of 1987 ("CRRA"), which amended Title IX to define the term program as follows:

> For the purposes of this chapter, the term "program or activity" and "program" mean all of the operations of--
> (B) a local educational agency (as defined in section 7801 of this title), system of vocational education, or other school system;

6

20 U.S.C.A. § 1687(2)(B).[1]

At oral argument, defendants argued, in essence, that *Grove City* was not only not overruled by the CRRA, but that the language in § 1682 of the CRRA legislatively **adopted** *Grove City*. In that regard, the defendants rely on the following language, which provides, in pertinent part:

> [T]ermination or refusal shall be limited to the particular political entity, or part thereof, or other recipient as to whom such a finding has been made, and shall be limited in its effect to the particular program, or part thereof, in which such noncompliance has been so found.

20 U.S.C.A. § 1682.

The undersigned rejects this argument, based on the definitions section of the CRRA, which amended Title IX by defining the word "program." Additionally, the Legislative History of the CRRA shows that Congress intended to overrule *Grove City* with the passage of the Act. 134 Cong. Rec. S40-02 (1988) ([by Senator Ted Kennedy] "Our goal is to reverse the 1984 Supreme Court decision in Grove City College versus Bell, which permits tax dollars to be spent in support of discrimination"). 34 Cong. Rec.

---

[1] A "Local educational agency" is defined as a public board of education or other public authority legally constituted within a State for either administrative control or direction of, or to perform a service function for, public elementary schools or secondary schools in a city, county, township, school district, or other political subdivision of a State, or of or for a combination of school districts or counties that is recognized in a State as an administrative agency for its public elementary schools or secondary schools.

20 U.S.C.A. § 7801(26)(A).

7

S40-02.  Further, *dicta* from the Fifth Circuit indicates that CRRA "expand[ed] the reach of federal funding for purposes of Title IX by defining 'program or activity' to include 'all operations of [a local educational agency] . . . any part of which is extended federal financial assistance'").  *Alegria v. Williams*, 314 Fed.Appx. 687, 692, 2009 WL 631609, 4 (5th Cir. 2009).

Accordingly, I find that the motion to dismiss the claims against the School Board on this ground should be **DENIED**.

## Conclusion

Based on the foregoing reasons, the undersigned recommends that the Motion to Dismiss be **DENIED.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. *However, for the reasons stated on the record and given the hearing on the preliminary injection set for February 8, 2010, the Court hereby shortens that time.*  **Objections are due by February 3, 2010.  Response to the objections is due by February 5, 2010.**  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS**

**REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN FOURTEEN (14) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.  *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR. 1996).**

Signed this 29th day of January, 2010, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE