UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| JANE DOE, as next best friend to her minor daughters JOAN DOE and JILL DOE | * | CIVIL ACTION NO. 09-1565 |
| VERSUS | * | JUDGE HAIK |
| VERMILION PARISH SCHOOL BOARD, ET AL. | * | MAGISTRATE JUDGE HILL |

MEMORANDUM RULING ON EXCLUSION OF EXHIBITS

The defendants, the Vermilion Parish School Board, Randy Schexnayder and David Dupuis, ("VPSB") have filed a motion to exclude various exhibits listed by the plaintiffs for use at the hearing on the motion for preliminary injunction scheduled for February 8, 2010. [Record Doc. 65]. The plaintiffs oppose the motion. [Record Doc. 71]. The undersigned has previously ruled on some of the objections filed by the VPSB to the plaintiffs' evidence. [Record Doc. 82]. This ruling addresses the objections to the proposed trial exhibits to be offered by the plaintiffs.

    A.  Relevance

The defendants object to various exhibits on the grounds of relevance. The Court has examined each of the subject exhibits. Essentially, the VPSB argues that any exhibit relating to the 2008-2009 program are irrelevant. For those reasons set out in my prior ruling, evidence relating to the 2008-2009 program is relevant, and therefore these exhibits are also relevant.

It is certainly true that some of these exhibits (15, 18 and 54) would appear to be, at best, only marginally relevant; the undersigned doubts whether these exhibits will be specifically used at the hearing on the motion for a preliminary injunction. Nevertheless, the exhibits appear to be at least marginally relevant, and, especially in a hearing conducted by the court without a jury, admissible. The trial court is fully able to assign the appropriate weight to each of these exhibits.

### B. Hearsay objections

The defendants argue that exhibits 44, 51 and 52 are inadmissible as they contain hearsay. Of course, FRE 801 defines hearsay as statements made by a declarant, while not testifying, which are offered in evidence to "prove the truth of the matter asserted." Exhibits 51 and 52 appear to be books or articles written by proponents of single-sex education. The plaintiffs apparently **dispute** the truth of many of the assertions contained in these books (as opposed to offering them to prove the truth of the assertions) and, accordingly, those assertions are not hearsay pursuant to FRE 801.

With regard to exhibit 44, this writing is relied upon, in part, by the plaintiffs' expert, Dr. Halpern. Additionally, this writing appears to fit within the "learned treatise" exception to the hearsay rule. FRE 803(18).

Accordingly, the hearsay objections to these exhibits are not well founded, and are overruled.

**C. Relation to Dr. Dupuis' dissertation**

Finally, the VPSB objects to exhibits 51 and 52 as they "concern" Dr. Dupuis's dissertation. The undersigned is not sure that the defendants' objections are fully understood by the Court. However, it appears to the undersigned that these writings support the conclusions reached by Dr. Dupuis. If the Court is correct, then it is clear that writings on which Dr. Dupuis relied, in whole or in part, to reach his conclusions are clearly relevant to the accuracy of his conclusions, and the rigor of his work. Accordingly, these writings are relevant and admissible.

For the above reasons, the motion to exclude the listed exhibits made by the VPSB is **denied**.

February 4, 2010, Lafayette, Louisiana.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE