RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 4/19/10
CB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JANE DOE as next friend to her minor daughters JOAN DOE AND JILL DOE | CIVIL ACTION NO.: 09-cv-1565 |
| VERSUS | JUDGE HAIK |
| VERMILLION PARISH SCHOOL BOARD, ET AL | MAGISTRATE JUDGE HILL |

## RULING

Before the court is Plaintiff's Motion for a Temporary Restraining Order. Plaintiff's seek a Temporary Restraining Order restraining and enjoining Defendants from proceeding in their segregation of Rene A. Rost Middle School by sex in the 2009-2010 academic year, in violation of Title IX of the Education Amendments of 1972, regulation of the USDA, HHS, and DHS, and the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution.

Plaintiff's argue that the plain language of Title IX prohibits VPSB as a recipient of federal funding, from "excluding any student from participating in any education program or activity, or subjecting any student to discrimination on the basis of sex." Plaintiffs insist that irrespective of whether a boys' class is treated better or worse than a girls' class, separate classes both exclude *and* discriminate on the basis of sex. Plaintiff's assert that the exclusion of a student from participation in a program or activity based on their race or sex is prohibited.

Plaintiff's also argue that sex segregation at RRMS - regardless of whether it is intended to benefit students- violates the Title IX implementing regulations of the federal agencies from which VPSB receives funding, as well as Title IX itself. It is undisputed that VPSB receives funds from all three of these agencies. Plaintiff's insist that VPSB must comply with HHS,

USDA, and DHS Title IX regulations at RRMS even if no funds from those agencies are expended on the school's sex segregated classes.

Plaintiff's argue that Defendant's sex segregation is undeniably a gender based government action and therefore a classification based on sex for Equal Protection purposes. Plaintiff's argue that the sex-segregated program at RRMS violates the Equal Protection Clause and that Defendant's cannot establish an exceedingly persuasive justification for the segregation, including that it is substantially related to important governmental objectives.

The Department of Education regulations presume that a coed institution receiving federal funding will not implement sex segregation, and tolerate it only where each single-sex class satisfies four nondiscrimination requirements. The regulations demand :

1. That sex segregation be based on a specific "important objective," and be "substantially related" to achieving that objective;

2. That sex segregation be implemented in "an evenhanded manner;"

3. That enrollment in the classes be "completely voluntary;" and

4. That Defendants offer "all other students, including students of the excluded sex, a substantially equal coeducational class."

Plaintiff's cite Superintendent Schexnayder's testimony that RRMS' sex segregated classes are not part of an established overall policy to provide diverse educational opportunities. Plaintiff's also argue that the sex segregation program at RRMS is not completely voluntary. Plaintiff's assert that only after students had acclimated to their classes, and the ACLU had threatened suit, did the VPSB send election forms home to parents. Plaintiff's also assert that the coed classes at RRMS are not substantial equal. Plaintiff's point out that the coed class alternative offered by RRMS was in fact a class comprised of 95% IEP students with learning

exceptionalities and pre-employ students. Therefore, the coed class was in fact not substantially equal to the same sex classes.

Plaintiff's argue that the segregating all core academic classes by sex at RRMS is illegal under Title IX and the USDA, HHS, and DHS regulations. Thus, Plaintiff's suggest that the only remedy consistent with the law would be to return all academic classes to the way they were before the classes at RRMS were segregated. Plaintiff's also suggest that in order to avoid any disruption prior to the Louisiana LEAP test, which concludes on April 16, 2010, an injunction should take effect on April 19, 2010, the start of the final 6-week marking period at RRMS, but in any event, no later than the start of the 2010-2011 academic year.

Defendant's argue that under each cause of action asserted by plaintiff's, plaintiff was required to prove discrimination, but failed to do so. Namely, defendant's argue that discrimination does not equal segregation in the context of gender. Defendant's insist that plaintiff has failed to establish that either of her daughters were deprived of a benefit or denied an opportunity because of their sex. Defendant's contend that "discrimination" in this context means "differential treatment' - that is, that one gender has been deprived of some benefit or advantage because of sex.

Defendants contend that plaintiff did not prove the existence of discrimination or of discriminatory intent. Defendants provide that based on the evidence, the boys and girls at RRMS were not treated differently and the boys' classes are substantially equal to the girls' classes and vice versa. Defendant's admit that the evidence did indicate that some errors were made with regards to the 2008-2009 single sex pilot study. However, there was no evidence that these errors resulted from anything other than negligence and this is insufficient to meet the high burden of proving the type of intentional discrimination required to succeed on this type of claim.

Defendant's argue that under Title IX, plaintiff has failed to prove a deprivation of some benefit or denial of an opportunity because of sex. Also, under the federal regulations by the DOE, USDA, HHS, and DHS, plaintiff does not have a private right of action under these regulation separate and distinct from her Title IX claim. Defendant's argue that the mere fact that the boys and girls at RRMS are separated by sex for some of their classes does not equate to the type of differential treatment prohibited by Title IX and the Equal Protection Clause. In other words, sex segregation is not, in and of itself, discriminatory.

Defendants provide that in the event that this court finds that the single sex program at RRMS is non-compliant with any of the provisions of the DOE's regulations and because Congress mandates that before any enforcement action can be taken, a recipient must be given the opportunity to take voluntary corrective action (20 USC §1682).

The grounds for bringing this Temporary Restraining Order are based in Title IX, the federal regulations of HHS, DHS, and USDA, and the Equal Protection Clause of the 14th Amendment of the United States Constitution. Title IX provides,

> "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."

The regulations of the federal agencies from which RRMS receives federal funding such as DHHS, USDA, and DHS, provide,

> "A recipient shall not provide any course or otherwise carry out any of its education program or activity separately on the basis of sex, or require or refuse participation therein by any of its students on such basis, including health, physical education, industrial, business, vocational, technical, home economics, music and

adult education course." 7 CFR 15a.34 (USDA), 44 CFR 19.415 (FEMA) and 45 CFR 86.31 (DHHS).

The Equal Protection Clause of the Fourteenth Amendment of the United States Constitution provides,

> "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

In *United States v. Crew*, 916 F. 2d 980, 984 (5th Cir. 1990) the Fifth Circuit held that, " It is well established that a showing of discriminatory intent or purpose is required to establish a valid equal protection claim." "Discriminatory purpose ... implies that the decision maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effect on an identifiable group." *Lavernia v. Lynaugh*, 845 F.2d 493, 496 (5th Cir.1988) (internal quotation marks omitted).

This Court cannot find that Principal Dupuis, Rene Rost Middle School, or the Vermillion Parish School Board intended to cause an adverse affect on males or females attending Rene Rost by implementing the same-sex program. While it was discovered in the hearing that there were significant flaws in the research data compiled by Principal Dupuis, there was not enough evidence presented to show that Principal Dupuis or the Vermillion Parish School Board **intended** to discriminate against any child by creating or implementing this program.

After hearing the testimony at the Hearing, the Court finds that Vermillion Parish School

Board was negligent in failing to investigate and research Principal Dupuis' proposed plan for same-sex classes at Rene Rost. There was an extreme lack of oversight over this program at the fault of both the Vermillion Parish School Board and Principal David Dupuis. There is no question that the data contained in Principal Dupuis' dissertation (which was the basis for the program) was extremely flawed. However, whether this was the fault of the University that oversaw Principal Dupuis dissertation or Principal Dupuis himself is immaterial. Instead, the Court must focus on what is in the best interests of the children of Rene Rost in future school years, not who is to blame for the wrongful implementation of this flawed program.

The Court has considered various factors in determining what would be in the best interest of the children. For instance, whether the Vermillion Parish School Board and Principal Dupuis intentionally discriminated against boys and girls at Rene Rost and whether the students have benefitted from the program. The same-sex program at Rene Rost is proper so long as the program is completely voluntary **and** there is a substantially equal co-ed opportunity available to every student.

After considering the evidence presented at the Hearing, the Court finds that it would be in the best interest of the children at Rene Rost Middle School for the Vermillion Parish School Board to implement the following plan in future school years with supervision by the Court for one year:

### Plan for 2010-2011 School Year

1. A letter will be sent to parents of students who will attend Rene Rost Middle School for the next school year (including 4th graders at Kaplan Elementary School). This letter will be mailed in late April and will contain an explanation of the curricula to be offered for the

next school year. It will be accompanied by accurate literature offering the pros and cons of single-sex education and an explanation of the opt-in and lottery process.

2. Mandatory Parent/ faculty meetings will be held at the school in early May and again in early June to allow for further discussion with and education of parents on the single sex issue.

3. The entire process will be overseen by a committee consisting of the principal, assistant principal, guidance counselor, one teacher from each grade level and one inclusion teacher.

4. Parental choice letters will be sent out after the second meeting explaining that the default assignment will be to a co-educational class. Parents, on behalf of their children, may opt-into to single sex classes if they so choose.

5. Parents will be advised that full services, including those dictated by IEPs, will be provided in both co-educational and single-sex sections at each grade level.

6. Class assignments will be made by mid-June of 2010. There will be two same sex classes per grade level. One boy class and one girl class.

7. Each co-educational class should reflect the same gender balance as the entire grade level in the school, as near as practical. If more parents opt into same-sex classes than slots

available, then the committee shall assign the same-sex class by lottery until that class is full. All other students must attend co-educational classes.

8. Any parents who object to the single-sex option as a matter of principle shall be allowed to transfer their child(ren) to the middle school or elementary school nearest their residence which provides co-educational classes only.

9. The Principal of Rene Rost is to provide notice to this Court of any action taken in furtherance of this plan. Also, copies of all literature sent to parents regarding the single sex program are to be mailed to Judge Haik's Chambers.

10. The Principal of Rene Rost is to provide this Court with monthly updates and minutes from any meetings held in furtherance of this plan.

For the reasons set forth above, the Motion for Temporary Restraining Order [Doc. 2] is hereby **DENIED**. The initial steps of the Plan for the 2010-2011 school year at Rene Rost Middle School is to take effect no later than April 30, 2010.

THUS DONE AND SIGNED this 19TH day of April, 2010 at Lafayette, Louisiana.

JUDGE RICHARD. T. HAIK, SR.
UNITED STATES DISTRICT JUDGE
WESTERN DISTRICT OF LOUISIANA

 

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

Fax Transmittal Sheet

To: Mark Friedman, Calvin Woodruff, Jr, Damn Harris, Marsha Sills, Marcelle Fontenot

From: Geary Brazell

DESCRIPTION OF DOCUMENT(S) Ruling 09-1565

NUMBER OF PAGES BEING SENT INCLUDING THIS PAGE : 9

*Office of the Clerk of Court*
*800 Lafayette Street, Suite 2100*
*Lafayette, La 70501*
*(337) 593-5000 voice*
*(337) 593-5027 fax*