IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
AT LAFAYETTE

– – – – – – – – – – – – – – – – – – – — – – – – – – – – –X
                                          :
                                          :
                                          :    Civil Action No:  09-CV-1565
JANE DOE, individually and as next friend to her   :
minor daughters, JOAN DOE, JILL DOE and JEN   :    ECF Case
DOE, and JANE WASHINGTON, individually as next :
friend to her minor sons, JOHN WASHINGTON,    :    Honorable C. Michael Hill
JAMES WASHINGTON and JOE WASHINGTON,       :
                                          :
                                          :
                    Plaintiffs,            :
                                          :
                                          :
        v.                                :
                                          :
VERMILION PARISH SCHOOL BOARD,             :
RANDY SCHEXNAYDER, Superintendent,         :
and DAVID DUPUIS, Principal, RRMS,         :
                                          :
                    Defendants.           :
                                          :
                                          :
                                          :
                                          :
– – – – – – – – – – – – – – – – – – – — – – – – – – – – –X

## CONSENT DECREE

This Consent Decree is entered into this 13th day of October, 2011, by and

between Jane Doe, individually and as next friend to her minor daughters Joan Doe, Jill

Doe, and Jen Doe, and Jane Washington, individually and as next friend to her minor

sons John Washington, James Washington, and Joe Washington ("Plaintiffs"); and the

Vermilion Parish School Board (the "Board"), Randy Schexnayder, and David Dupuis

("Defendants") (collectively, "the Parties").

WHEREAS During the 2008-9, 2009-10, 2010-11 school years, and in prior

school years, the Defendants have operated or supervised sex-segregated/single-sex

classes, activities and programs in multiple schools, including Rene A. Rost Middle School;

WHEREAS Plaintiffs allege that these classes, activities and programs constitute sex discrimination in violation of federal law and instituted Civil Action 09-CV-1565 in the United States District Court for the Western District of Louisiana, captioned *Jane Doe, individually and as next friend to her minor daughters, Joan Doe, Jill Doe and Jen Doe, and Jane Washington, individually and as next friend to her minor sons, John Washington, James Washington and Joe Washington v. Vermilion Parish School Board et al.* (hereinafter "The Action");

WHEREAS Plaintiffs filed a First Amended Complaint dated July 21, 2011 in The Action;

WHEREAS Defendants deny that these sex-segregated/single-sex classes, activities and programs violated federal law or otherwise deprived Plaintiffs of their rights;

WHEREAS the Parties agree that the terms of this Consent Decree shall be a matter of Public Record; and

WHEREAS Plaintiffs and witnesses Jane Roe and John Roe (the "Pseudonym Witnesses"), who testified on Plaintiffs' behalf, are identified in The Action by pseudonyms and wish to remain anonymous to avoid annoyance, embarrassment or oppression that may occur if their true identities become known; and

WHEREAS The Parties desire to resolve, compromise, and settle the controversies between them, including The Action, on the terms and conditions set forth

below, and in consideration of the mutual promises and releases contained herein, the Parties agree as follows:

1.      Defendants agree that, effective from the date of this Consent Decree through the 2016-17 school year, no public school within Vermilion Parish shall conduct or supervise any Single-Sex Activity.  With the exceptions set out in paragraph (2) below, "Single-Sex Activity" means:  providing any course or otherwise carrying out any Education Program or Activity separately on the basis of sex; or requiring or refusing participation in any school, any course, or any Education Program or Activity by any students on the basis of sex.  "Education Program or Activity" includes, without limitation, all classes, extracurricular activities, recess, lunch and physical education.

2.      "Single-Sex Activity" does not include:  (a) separation of students by sex within physical education classes or activities during participation in wrestling, boxing, rugby, ice hockey, football, basketball, or other sports, the purpose or major activity of which involves bodily contact; (b) portions of classes in elementary and secondary schools that deal primarily with human sexuality; (c) requirements based on vocal range or quality that may result in a chorus or choruses of one or predominantly one sex; or (d) interscholastic or intramural athletics.  This Consent Decree does not modify Board's existing legal obligations as to these activities.

3.      If Defendants or any public school within Vermilion Parish seek to institute any Single-Sex Activity during the 2017-18 and/or 2018-19 school years, then at least six months prior to implementation of that Single-Sex Activity, Defendants shall provide written notice via regular first class mail and electronic mail to representatives of the American Civil Liberties Union Foundation Women's Rights Project and the

American Civil Liberties Union Foundation of Louisiana.  Such written notice shall provide the following:

      (a)     a description of the proposed Single-Sex Activity;

      (b)     the proposed purpose and rationale for instituting the proposed Single-Sex Activity;

      (c)     any data or analysis regarding the proposed Single-Sex Activity;

      (d)     a description of the proposed Single-Sex Activity's scope and its design;

      (e)     any minutes, transcripts, and recordings of any Board meetings discussing the proposed Single-Sex Activity; and

      (f)     copies of any presentations, forms, letters or any other communications with parents or students regarding the proposed Single-Sex Activity.

4.     Defendants release Plaintiffs, Pseudonym Witnesses, and any other persons providing any assistance to Plaintiffs ("Cooperating Persons") from any and all claims arising from Plaintiffs' challenging Defendants' Single-Sex Activities, including the instituting and litigating of The Action, through the date of this Consent Decree.

5.     Defendants shall not retaliate or otherwise discriminate against Plaintiffs, Pseudonym Witnesses or any other Cooperating Persons on the basis of their having made a charge, testified, assisted, or otherwise participated in any manner in Plaintiffs' challenging Defendant's Single-Sex Activities, including the instituting and litigating of The Action, through the date of this Consent Decree.  This Consent Decree does not modify Board's existing legal obligations not to retaliate or otherwise discriminate.

6.      The Parties agree that Exhibit A contains the true names and identities of Plaintiffs and Pseudonym Witnesses.  Defendants shall not disclose those true names and identities to anyone, including, without limitation, school faculty or administration, parents, students or the media.  Exhibit B contains the executed signature pages of this Consent Decree.  This Consent Decree and Exhibits A and B shall be filed under seal. Once So Ordered, Exhibits A and B shall remain under seal and this Consent Decree shall be entered into the public record.

7.      As consideration for these commitments by Defendants, Plaintiffs consent to the dismissal with prejudice of The Action and release Defendants from any and all claims arising on their own behalf from Single-Sex Activities in Vermilion Parish public schools through the date of this Consent Decree, including claims for reimbursement of expenses, costs, and reasonable attorneys' fees under 42 U.S.C. § 1988 and any other applicable provision of law.  This dismissal and release does not apply to (i) any claims that may arise from Single-Sex Activities in Vermilion Parish public schools after the date of this Consent Decree; or (ii) any claims arising out of the breach of any provision in this Consent Decree.  This Court shall retain jurisdiction for the duration of this Consent Decree for the purposes of effectuating and/or enforcing its terms.

8.      This Consent Decree is not to be construed as an admission of liability on the part of the Defendants.

9.      The Parties declare and understand that no promises, inducements, or agreements not contained in this Consent Decree have been made to them, that this Consent Decree contains the entire agreement between the Parties, and that the terms of this Consent Decree are contractual and not merely a recital.

10.     This Consent Decree contains the entire agreement between the Parties with respect to the subject matter hereof, and there are no agreements, understandings, representations or warranties between the Parties other than those set forth or referred to in this Consent Decree.

11.     This Consent Decree shall be binding upon and inure to the benefit of the Parties and their respective successors and assigns.

12.     If any provision of this Consent Decree shall be determined to be invalid, illegal, or unenforceable for any reason, the remaining provisions and portions of this Consent Decree shall be unaffected and unimpaired, and shall remain in full force and effect, to the fullest extent permitted by applicable law.

13.     Exhibit B may be executed in counterparts, by either an original signature or signature transmitted by facsimile or other similar process and each copy so executed shall be deemed to be an original and all copies so executed shall constitute one and the same document.

* * * * *

Pursuant to LR 5.7.08W, counsel for each party has consented to the terms of this Consent Decree, and has authorized inscription of their respective electronic signatures below to signify their consent.

Dated:          October 13, 2011, at Lafayette, Louisiana.

By: /s/ Mark Friedman
    Mark Friedman
    mwfriedm@debevoise.com
    (Admitted *pro hac* vice)

DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000

/s/ Lenora M. Lapidus
Lenora M. Lapidus
Galen Sherwin
Amy L. Katz
(Admitted *pro hac vice*)

WOMEN'S RIGHTS PROJECT
AMERICAN CIVIL LIBERTIES UNION FDN
125 Broad Street, 18th Floor
New York, New York 10004
llapidus@aclu.org

/s/ Ronald Wilson
Ronald Wilson (#13575)
Justin Harrison

AMERICAN CIVIL LIBERTIES UNION OF LOUISIANA
701 Poydres St., Ste. 2556
New Orleans, LA 70139
(504) 525-4361
cabral2@aol.com

*Attorneys for Plaintiffs*

/s/ Calvin "Woody" Woodruff, Jr.
Calvin "Woody" Woodruff, Jr.
P.O. Box 520
Abbeville, LA 70511-0520

/s/  Dawn L. Morris
Dawn L. Morris
Law Office of Dawn L. Morris, LLC
1106 Coolidge Blvd., Suite A
Lafayette, LA 70503

*Attorneys for Defendants*

**IT IS SO ORDERED.**

_C. Michael Hill_

Hon. Judge C. Michael Hill

# CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2011, the Parties' Joint Motion for Entry of

Consent Decree was filed electronically with the Clerk of Court through the CM/ECF

system and copies were mailed to the following:

Calvin "Woody" Woodruff, Jr.
P.O. Box 520
Abbeville, LA 70511-0520
Attorney for Defendants

Dawn L. Morris
Law Office of Dawn L. Morris, LLC
1106 Coolidge Blvd., Suite A
Lafayette, LA 70503
Attorney for Defendants

Dated:          New York, New York
                October 13, 2011

By: /s/ Mark Friedman
    Mark Friedman
    mwfriedm@debevoise.com
    (Admitted *pro hac* vice)

DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000

/s/ Ronald Wilson
Ronald Wilson (#13575)
Justin Harrison

AMERICAN CIVIL LIBERTIES UNION
OF LOUISIANA
701 Poydres St., Ste. 2556
New Orleans, LA 70139
(504) 525-4361
cabral2@aol.com

/s/ Lenora M. Lapidus
Lenora M. Lapidus
Galen Sherwin
Amy L. Katz
(Admitted *pro hac vice*)

WOMEN'S RIGHTS PROJECT
AMERICAN CIVIL LIBERTIES UNION
FDN
125 Broad Street, 18th Floor
New York, New York 10004
llapidus@aclu.org

*Attorneys for Plaintiffs*